IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dennis Rodger Davis, Jr.,<br><br>PETITIONER,<br><br>v.<br><br>Bryan Sterling; Tonya James; Jeannine Price,<br><br>RESPONDENTS. | Case No. 0:19-cv-02720-TLW-PJG<br><br><br>**Order** |

The petitioner, Dennis Rodger Davis, Jr., a self-represented state prisoner, filed this petition for a writ of habeas corpus. ECF No. 1. The Petitioner is an inmate in the Kershaw Correctional Institution of the South Carolina Department of Corrections (SCDC). In his Petition, he indicates that on May 21, 2014 he pled guilty to two state drug offenses and was sentenced to an aggregate term of 125 months' imprisonment. Petitioner alleges that at the time he was sentenced, his convictions were considered "non-violent" and parole-eligible under South Carolina law. Petitioner alleges that in February 2017, SCDC conducted an internal audit of his sentence calculation because of the South Carolina Court of Appeal's decision in *Bolin v. SCDC*, 781 S.E.2d 914 (S.C. Ct. App. 2015), which clarified that certain drug offenses are considered violent, no-parole offenses. Petitioner alleges that SCDC concluded that Petitioner's convictions were classified as violent and not parole eligible, and therefore, Petitioner's max-out date changed from March 2019 to March 2023. Petitioner alleges that this reclassification was unlawful because it violates his agreement with the solicitor, changes the conditions of his plea, and was done without the trial court's consent. Petitioner also argues that this reclassification of his sentence violates the Ex Post Facto Clause, the Due

Process Clause, and the Equal Protection Clause. Petitioner indicates that he brings this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2241. Petitioner asks the court to declare that SCDC's reclassification of his sentence was unlawful, order that he be released from custody, and award him compensatory damages. The matter now comes before the Court for review of a Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 11.

In the Report, the magistrate judge construed the petition as a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because Petitioner is a state prisoner. *See* ECF No. 11 at 3 citing *In re Wright*, 826 F.3d 774, 783 (4th Cir. 2016) ("Therefore, when a prisoner being held 'pursuant to the judgment of a State court' files a habeas petition claiming the execution of his sentence is in violation of the Constitution, laws, or treaties of the United States, the more specific § 2254 'and all associated statutory requirements' shall apply, regardless of the statutory label the prisoner chooses to give his petition."). In light of the magistrate judge's construction of the pleading, the magistrate judge concludes that the only proper respondent in this action is Tonya James, the Warden of the Kershaw Correctional Institution. ECF No. 11 at 4 citing 28 U.S.C. §§ 2242, 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) ("[I]n habeas challenges to present physical confinement–'core challenges'–the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]"). Therefore, the magistrate judge recommends that Respondents Bryan Stirling and Jeannine Price be dismissed from the action.[1]

---

[1] The Court notes that in the last sentence of the Report, the magistrate judge stated that "[i]n a contemporaneously issued order, the court authorized the issuance and service of process against Respondent Jeannine Price." ECF No. 11 at 4. The Court notes that this should have stated that the magistrate judge authorized the issuance

Additionally, the magistrate judge found that because Petitioner challenges the validity of his current custody and seeks to be released he cannot seek damages pursuant to 42 U.S.C. § 1983. See ECF No. 11 at 3-4 citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A section] 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."). Therefore, the magistrate judge recommends Petitioner's request for damages be stricken.

The Petitioner did not file any objections to the Report. The matter is ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In the absence of objections to the Report, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). In such a case, "a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"

---

and service of process against Respondent Tonya James. The action will proceed against Tonya James. The order authorizing service of process, ECF No. 10, correctly names Tonya James.

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Court has carefully reviewed the Report. For the reasons stated by the magistrate judge, the Report, ECF No. 11, is **ACCEPTED**. Respondents Bryan Stirling and Jeannine Price are dismissed from this matter and Petitioner's request for damages are stricken.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

June 1, 2020
Columbia, South Carolina