IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Dennis Rodger Davis, Jr., | ) | C/A No. 0:19-2720-JD-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Tonya James, Warden KER CI, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Paige J. Gossett made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Dennis Rodger Davis, Jr., ("Petitioner" or "Davis"), a state prisoner brought this Petition for a Writ of Habeas Corpus without the aid of counsel under 28 U.S.C. § 2254.  (DE 1.)  Respondent filed a Motion for Summary Judgment on March 31, 2020.  (DE 34.)

Petitioner filed a response in opposition to the motion (DE 40), and Respondent filed a reply.  (DE 41.)  Thereafter, Judge Gossett appointed counsel for Petitioner, ordered further briefing, and held oral argument on the Petition and motion. (DE 64, 70, 78, 80, 82.)  The magistrate judge issued her Report recommending that Respondent's motion should be granted in part, and Petitioner's remaining claims should be dismissed.  For the following reasons, the Court adopts the Report and Recommendation, as modified.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

Davis filed objections to the Report and Recommendation; however, to be actionable, objections to the Report and Recommendation must be specific.[2] Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of the Petitioner's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments. However, the court has identified the following specific objections, which will be addressed herein. Petitioner objects to the Report's conclusion ". . . that the statutory exceptions to the exhaustion requirement do not apply." (DE 92, p.15.) The Report relies on Fourth Circuit precedence for the proposition "that the exhaustion requirement should only be excused in very limited circumstances, such as where a petitioner's diligent efforts to exhaust are 'futile in the face of state dilatoriness or recalcitrance.'" Farmer v.

---

[2]    Respondent also filed an objection to seeking clarification regarding the following statement in the Report: "Petitioner sought relief through an SCDC classification case manager by asking for a due process hearing." (DE 93. p. 1) Respondent contends that "the due process hearing was provided to Petitioner automatically as a result of SCDC's correction of his sentence in February 2017, and not because of a request he made to a classification case manager." (DE 93, p.1.) This Court hereby modifies the Report to reflect that Petitioner received a due process hearing as a result of the correction to his sentence in February 2017.

Circuit Court of Md. for Baltimore Cty., 31 F.3d 219, 223 (4th Cir. 1994).  Conversely, Davis contends:

> [T]he exhaustion requirement does not preclude this federal habeas petition because the state's remedies are not available or not effective to protect his rights. See 28 U.S.C. § 2254(b)(1)(B) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that[:] (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.").

(DE 92, p. 15.)

Here, Davis argues an exception applies because "the state has not taken advantage of that opportunity here, and the effects of the COVID-19 pandemic have made a decision on the merits of Petitioner's case unlikely before his sentence (as construed by SCDC) expires."  (DE 92, p. 15.) Petitioner surmises that "the currently pending second PCR does not afford Davis an adequate state remedy as it is inadequate to protect Davis' rights."  (DE 94, p. 2.)   Davis contends "that while the appeal of his second PCR remains pending, that such a recourse is inadequate to protect his rights." (DE 94, p. 2.)  Therefore, Davis objects to the Report's finding that "Petitioner is the cause of the delay in addressing Petitioner's constitutional claims in his PCR action." (DE 92, p. 15.)  Davis argues that "[s]uch a factual conclusion is contrary to the evidence, especially when considered in the light most favorable to the Petitioner."  (DE 94, p.2.)

The Court has conducted a de novo review of the record on summary judgment in response to Davis's objections to the Report and Recommendation and finds that the Report comprehensively addresses the issue of whether an exception apples on summary judgment and correctly determines that it does not.  Report correctly notes that Petitioner did not raise his constitutional claims to the PCR court in his application and Petitioner's response to the conditional order of dismissal did not expressly state that the court misconstrued his filing. Moreover, Petitioner did not file a motion to alter or amend the judgment asking the court to rule

on the issues. The Report also found that "Petitioner has not demonstrated that South Carolina courts have been dilatory or recalcitrant, or that they refuse to entertain his claims." (DE 92, p. 16.) Although Petitioner's objection appears to center on this point for the first time, it is clear this issue was not raised to Judge Gossett. In reviewing the objection here, the record does not indicate that Petitioner is precluded from raising these claims in his pending state PCR action to obtain a ruling on them in the first instance. See Hedrick v. True, 443 F.3d 342, 364 (4th Cir. 2006) ("[A] federal habeas court may consider only those issues which have been 'fairly presented' to the state's highest court."); see also n 9, Report and Recommendation ("Moreover, the court's finding that these claims are not exhausted should not bar Petitioner from raising these claims in a subsequent petition. See 28 U.S.C. § 2244(b); Slack v. McDaniel, 529 U.S. 473, 485-86 (2000) ('A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition.')").

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation, as modified. It is therefore ORDERED that the Respondent's motion for summary judgment (ECF No. 34) be granted as to any of Petitioner's claims that state law requires be raised in the Administrative Law Court, as they are procedurally barred. It is also ORDERED that Petitioner's claims that are the subject of his pending PCR appeal in the South Carolina Supreme Court be dismissed without prejudice for failure to exhaust state remedies.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
April 26, 2021

4

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.